## Rose v. Hindman *et al.*

1. **School district: LEVY OF TAX: EVIDENCE.** In a proceeding to compel the board of directors of a district township to levy a tax requested by the electors of a sub-district for the erection of a school-house, the record of the proceedings of the sub-district meeting, signed by the proper officers, is admissible in evidence for the purpose of showing the action taken thereat, though such record was not expressly required by law to be kept.

2. —— That the certificate of the action of the sub-district meeting was addressed to "the secretary of the district township," instead of to the electors thereof, does not render it inadmissible, it appearing that the purpose of the law — the giving of notice to the electors — was thereby accomplished.

3. —— REPEAL OF STATUTE. Section 17, chapter 172, Laws 1862, under which the proceeding for the tax in question was had, was not repealed by section 5, chapter 143, Laws of 1866.

*Appeal from Madison Circuit Court.*

FRIDAY, JANUARY 25.

THIS action is brought by the plaintiff, who is a freeholder and elector in sub-district number two of the district township of Jackson, in the county of Madison, against Thomas Hindman and others, who constitute the board of school directors for said district township, to obtain a writ of mandamus requiring said defendants to levy and certify a tax yielding $800, for the purpose of building a school-house in said sub-district number two. The petition alleges that, at a regular meeting of the electors of said sub-district on the first Saturday in March, 1872, the district township were requested to levy a tax sufficient to raise $800 for the erection of a school-house in the said sub-district; that this action was duly certified to the next regular meeting of the electors of said district township, and that said meeting neglected and refused to vote said tax, whereby it became the duty of the defendants, as the board of directors for said township, to ascertain the per centum of said $800, and to levy a tax as provided by law; that the said defendants failed and refused to do so; that the school-house in said sub-district is in the extreme corner of it, and old and wholly unfit for use.

The defendants deny the averments as to the action of the sub-district, the certifying of said action to the district township meeting, the refusal to act, etc. The cause was tried to the court, which found the facts as claimed by the plaintiff, and ordered the issuance of the peremptory writ of mandamus as prayed for. The defendants appeal. The facts connected with the questions made by counsel and decided by the court, are stated in the opinion.

*Wainwright & Gilpin* for the appellants.

*S. G. Ruby* and *John Leonard* for the appellee.

COLE, J. — I. The plaintiff offered in evidence the original record of the proceedings of the sub-district meeting, duly signed by the chairman and secretary, and showing, among other things, that the following motion was adopted, to wit: " that the district township be requested to levy a tax on the taxable property of the district township, sufficient to raise the sum of $800, for the erection of a school-house in sub-district number two." This record was objected to by defendants, because not required by law, and not material, relevant or competent evidence. The objection was overruled and the record admitted. This is assigned as error.

The genuineness of the record is not questioned. The action of the meeting having been reduced to writing at the time, and signed by the proper officers, such writing was surely competent evidence, though not expressly required by the law to be reduced to writing. Of course, it would not be conclusive, nor necessarily superior or better evidence of what the action of the meeting was, than the testimony of witnesses who were present. All that we need to, or do here, rule is that the record itself was material, relevant and competent.

II. The sub-director of sub-district number two certified this action to the next regular meeting of the electors of the district township; but the certificate was addressed " to R. W. Stewart, secretary of district township of Jackson." Stewart was the secretary of the board of directors of said township, and the certificate was read to the electors at their meeting. The defendant's counsel objected to this certificate as evidence, because it was not addressed to the electors. It is possible that it would have been more technically correct if addressed in terms to the electors. But the manifest purpose of the law is to give notice to the electors of the district township of the action of the electors of the sub-district. This purpose was fully attained. To hold to strict nicety in such matters, would often defeat the purpose of the law. The certificate was properly admitted.

III. It is further claimed that section 17, chapter 172, Laws

1862, under which the proceedings for the tax in question were had, is repealed by section 5, chapter 143, Laws 1866. And further, that if it is not repealed, it is unconstitutional, for that it allows the electors of a sub-district by their vote, to lay a foundation for the levy of a tax upon the whole district township. Section 5 does not expressly repeal section 17; and repeals by implication are not favored. Besides, section 4 of chapter 143 expressly amends section 17 of chapter 172, thereby negativing any purpose of repealing the latter. No clause of the constitution is referred to as being violated by section 17. We are not able to discover wherein it does violate any provision of that instrument, or any principle which it recognizes or declares.

The county superintendent of schools cannot issue a mandamus and the court can. Therefore, we conclude that the plaintiff did not mistake the forum. A careful examination of the entire record has satisfied us that the circuit court ruled correctly upon all questions of evidence; that the evidence sustains the findings of fact, and the law requires the conclusion reached. The judgment is therefore

Affirmed.